USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED : 4/24/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- X
THE NATIONAL FOOTBALL LEAGUE; and :
NFL PROPERTIES LLC,               :     No. 13-CV-2572 (LGS)
                                  :
                 Plaintiffs,      :
                                  :
       v.                         :
                                  :
GONG SUNMEI d/b/a NFL-2013.COM; WENG :
DONG d/b/a                        :
NEWYORKGIANTSPROSHOP.COM; SU      :
DANDAN d/b/a NFLGOODSHOP.COM;     :
XIONGJIN CHEN d/b/a               :
NFLNIKEJERSEYSM.COM; MA QIFENG d/b/a :
2013-NEW-JERSEYS.COM, *et al.*,   :
                                  :
                 Defendants.      :
                                  :
---------------------------------- X

## JMA [~~PROPOSED~~] PRELIMINARY INJUNCTION ORDER

Plaintiffs THE NATIONAL FOOTBALL LEAGUE and NFL PROPERTIES LLC (collectively, "NFL" or "Plaintiffs") having moved *ex parte* against GONG SUNMEI d/b/a NFL-2013.COM; WENG DONG d/b/a NEWYORKGIANTSPROSHOP.COM; SU DANDAN d/b/a NFLGOODSHOP.COM; XIONGJIN CHEN d/b/a NFLNIKEJERSEYSM.COM; MA QIFENG d/b/a 2013-NEW-JERSEYS.COM; ZHENGFA XUE d/b/a NFLJERSEYS-SUPPLY.COM; XU LIANG d/b/a WHOLESALE-NFL-JERSEYS-SHOP.COM; LILAN CHEN d/b/a SNAPBACKHATSONLINE.COM; JONE JOCKE d/b/a CHEAPJERSEYSNEED.COM; RIBERA SESMA d/b/a YOOCHEAPJERSEYS.COM; WANG SEEKBEST d/b/a WHOLESALEJERSEYSES.COM; ZHENG LITTLE d/b/a 2012WHOLESALEJERSEYSNFL.COM; ZHANG QIAN d/b/a NFLNIKEJERSEYSM.COM;

1

ALVAREZ REGGIE d/b/a NFLSHOPUS.US; ESTHER ZIZZO d/b/a YERNFL.ORG; WEIFANG d/b/a WHOLESALEJERSEYSBEST.COM; FANGXL d/b/a FROMCHINAJERSEYS.COM; GROUP JERSEYS d/b/a GROUPJERSEYS.COM; GUIFAN HUAN d/b/a BESTNFLJERSEYSSALE.COM; FANGXI CHENXIUQULI d/b/a USWHOLESALEJERSEYSTORE.COM; and XYZ COMPANIES, JOHN DOES, and JANE DOES d/b/a the aliases identified in Schedule "A" to the Complaint (collectively, "Defendants") for a Temporary Restraining Order, Order to Disable Certain Websites, Asset Restraining Order, Expedited Discovery Order, Order Allowing Service by Electronic Mail, and Order to Show Cause for Preliminary Injunction (collectively, the "Order" or "April 18, 2013 Order") pursuant to Federal Rule of Civil Procedure 65 and the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (October 12, 1984), the Anticybersquatting Consumer Protection Act of 1996, Pub. L. 104-153 (July 2, 1996), and the Prioritizing Resources and Organization for Intellectual Property Act of 2007, H.R. 4279 (October 13, 2008) (the "Lanham Act"), for the reason that Defendants are manufacturing, importing, distributing, advertising, offering for sale and/or selling, via the Internet, goods bearing counterfeit reproductions of the NFL's federally registered trademarks and/or federally registered trademarks owned by one of the thirty-two (32) Member Clubs that form the NFL, as identified in the NFL's Complaint in this action and incorporated herein by reference (collectively, the "NFL Marks"), which NFL Marks are owned and/or controlled by the NFL and used in connection with products listed in the NFL's Complaint in this action and incorporated herein by reference (collectively, the "NFL Products");

    The Court having entered the Order on April 18, 2013, granting the temporary relief sought by Plaintiffs; and

    The Court having reviewed the Complaint, Memorandum of Law in Support of the Order, the Declaration of Anastasia Danias sworn to on April 16, 2013, the Declaration of Paul Dagum sworn to on April 15, 2013, the Declaration of Julian Grijns sworn to on April 12, 2013, the

Declaration of Bradley I. Ruskin sworn to on April 18, 2013, and the Declaration of Jeffrey H. Warshafsky sworn to on April 23, 2013, now finds the following:

1. The NFL has demonstrated that it is entitled to injunctive relief by establishing that it is suffering irreparable harm and that it is likely to succeed on the merits of its claims;

2. With respect to irreparable harm, the NFL has demonstrated that (a) it is suffering irreparable injury in the absence of an injunction based on Defendants' manufacture, importation, distribution, advertisement, offer for sale, and/or sale of Counterfeit Products, and their unauthorized use of the NFL Marks; (b) remedies at law, such as money damages, are inadequate to compensate for that injury; (c) the balance of hardships favors the NFL; and (d) the public interest would not be disserved by the issuance of injunctive relief;

3. With respect to a likelihood of success on the merits, the NFL has demonstrated that it is likely to succeed in showing that the NFL Marks are valid and protectable and entitled to protection;

4. Further with respect to likelihood of success on the merits, the NFL has demonstrated that it is likely to succeed in showing that the NFL Marks are distinctive and famous;

5. Further with respect to likelihood of success on the merits, the NFL has demonstrated that it is likely to succeed in showing that Defendants are manufacturing, importing, distributing, advertising, offering for sale and/or selling counterfeit products—including, *inter alia*, football jerseys, headwear, collectibles, other apparel and/or other merchandise—bearing counterfeits of the NFL Marks ("Counterfeit Products") to buyers in the United States, including in this Judicial District;

6. Further with respect to likelihood of success on the merits, the NFL has demonstrated that it is likely to succeed in showing that Defendants are selling Counterfeit Products by operating a network of rogue websites (Defendants' "Infringing Websites"), which are hosted at the 1,476 domain names set forth in **Exhibit 1** attached hereto, including, without

limitation, the 897 domain names set forth in **Exhibit 2** attached hereto, which domain names contain one or more of the NFL Marks (collectively, the "Infringing Domain Names").

7. Further with respect to likelihood of success on the merits, the NFL has demonstrated that Defendants have a bad faith intent to profit by associating themselves with the NFL and the NFL Marks without the NFL's authorization;

8. Defendants have gone to great lengths to conceal themselves and their ill-gotten proceeds from the NFL's and this Court's detection, including using multiple false identities and addresses associated with their operations and intentionally-deceptive contact information;

9. The NFL's harm resulting from denial of the requested Preliminary Injunction Order would outweigh any harm to Defendants' legitimate interests resulting from granting such an Order;

10. [By letter dated March 28, 2013,] The NFL has provided the United States Attorney with reasonable notice of its application for the April 18, 2013 Order;

11. The NFL has provided adequate security, by posting a $20,000 bond in accordance with the April 18, 2013 Order;

12. Entry of an order other than the requested Preliminary Injunction Order would not adequately achieve the purposes of the Lanham Act to preserve the NFL's equitable remedies for trademark counterfeiting, including, *inter alia*: the enjoining of Defendants' counterfeiting operations, including Defendants' Infringing Websites; the disabling of Defendants' means of manufacturing, importing, distributing, advertising, offering for sale, and/or selling Counterfeit Products; the acquisition of the business records relating to Defendants' operations; and preservation of the NFL's right to an equitable accounting of proceeds from Defendants' sale of Counterfeit Products;

13. The NFL successfully served Defendants, at the 638 e-mail addresses identified in **Exhibit 3** attached hereto, with the Order, Complaint, Summons and supporting papers, including notice of the show cause hearing to be held on April 24, 2013 at 11 a.m. in Courtroom

1106 of the United States District Court for the Southern District of New York, thereby providing notice to Defendants many times over; and

14. ~~12.~~ None of the Defendants has ~~have~~ filed a response to the NFL's moving papers or otherwise appeared in this action.

THEREFORE, IT IS HEREBY ORDERED, that Defendants, their officers, members, directors, agents, servants, employees, confederates, representatives, and all persons acting in concert or participation with them, are preliminarily enjoined and restrained from:

(a) Using the NFL Marks, including any trademark, service mark, name, logo, design or source designation of any kind owned or controlled by the NFL, or any reproduction, counterfeit, copy or colorable imitation of the NFL Marks in connection with the manufacture, importation, distribution, advertisement, offer for sale and/or sale of merchandise not the genuine products of the NFL;

(b) Using the NFL Marks, including any trademark, service mark, name, logo, design or source designation of any kind owned or controlled by the NFL, or any reproduction, counterfeit, copy or colorable imitation of the NFL Marks in connection with Defendants' domain names, websites, other online services or activities, or any other goods or services, that is likely to cause confusion, mistake, deception, or public misunderstanding that such domain names, websites, other online services or activities, or other goods or services are produced or provided by the NFL, or are sponsored or authorized by or in any way connected or related to the NFL;

(c) Passing off, inducing or enabling others to sell or pass off any Counterfeit Products as and for NFL Products;

(d) Shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner football jerseys, headwear, other apparel, collectibles and/or other merchandise falsely bearing the NFL Marks, or any reproduction, counterfeit, copy or colorable imitation of same;

5

(e) Utilizing the Infringing Domain Names and registering, trafficking in, or using any additional domain names that use or incorporate any of the NFL Marks, or any colorable imitation thereof;

(f) Operating and/or hosting the Infringing Websites;

(g) Further infringing any of the NFL Marks or damaging the NFL's goodwill;

~~(h) Otherwise competing unfairly with the NFL in any manner;~~

(h) Assisting, aiding, or abetting any other person or business entity in engaging or performing any of the activities referred to in the above subparagraphs (a) through (h), or effecting any assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in the above subparagraphs (a) through (h); and it is further

ORDERED, that Defendants, their officers, members, directors, agents, servants, employees, confederates, representatives, and all persons acting in concert or participation with them, are preliminarily enjoined and restrained from:

(a) Moving, destroying, or otherwise disposing of any items, merchandise or documents relating to the Counterfeit Products, Defendants' Infringing Websites, and/or Defendants' assets and operations; and

(b) Removing, destroying, or otherwise disposing of any computer files, electronic files, business records, or documents relating to any Defendant's Infringing Websites, assets, or operations, or relating in any way to the manufacture, acquisition, purchase, distribution or sale of Counterfeit Products, or any reproduction, counterfeit, copy or colorable imitation of the NFL Marks; and it is further

ORDERED, that the NFL may continue to obtain expedited discovery by providing actual notice of this Preliminary Injunction Order to any of the following: (l) Defendants, their officers, members, directors, agents, servants, employees, confederates, attorneys, and all

6

persons acting in concert or participation with them; (2) any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, PayPal, Inc. ("PayPal"), Western Union, or other merchant account providers, payment providers, third party processors, or credit card associations (*e.g.*, American Express and VISA), which have provided services for any Defendant, any Defendant's operations, any Defendant's Infringing Websites, or for any other website owned or controlled by any Defendant, including without limitation, receiving payments or holding assets on any Defendant's behalf (collectively, "Third Party Financial Service Providers"); (3) any Internet service providers ("ISPs"), back-end service providers, web designers, sponsored search engine or ad-word providers, shippers, domain name registrars, domain name registries, domain protection services, or online third-party selling platforms who have provided services for any Defendant, any Defendant's operations, any Defendant's Infringing Websites, or for any other website owned or controlled by any Defendant (collectively, "Third Party Website Service Providers"); and (4) any other third party service providers who have provided services for any Defendant, any Defendant's operations, any Defendant's Infringing Websites, or for any other website owned or controlled by any Defendant; and it is further

ORDERED, that any Third Party Financial Service Providers, Third Party Website Service Providers, and any other third party service providers that have provided services for *[illegible handwritten]* any Defendant, any Defendant's operations, any Defendant's Infringing Websites, or for any other website owned or controlled by any Defendant (collectively, "Third Party Service Providers"), that have received actual notice of the Court's April 18, 2013 Order, shall provide copies to Plaintiffs' counsel on or before April 25, 2013 of all documents and records in such person or entity's possession or control relating to:

    (a)    The identities and addresses of Defendants, their officers, members, directors, agents, servants, employees, confederates, and all persons acting in concert or participation with them, and the locations and identities of Defendants' operations, including without limitation, identifying information associated with

        Defendants' Infringing Websites, Infringing Domain Names, and financial accounts (including full account numbers);

(b)     Defendants' Infringing Websites;

(c)     The Infringing Domain Names, or any domain name registered by Defendants;

(d)     Defendants' uses of the NFL Marks;

(e)     Defendants' manufacture, purchase, acquisition, design, order, import, transport, distribution, advertisement, offer for sale and/or sale of the Counterfeit Products;

(f)     Payments to Defendants in return for any and all Counterfeit Products that were transmitted, processed, facilitated, enabled, or otherwise contributed to by any and all Third Party Service Providers; and

(g)     Any financial accounts owned or operated by Defendants, their agents, servants and employees, confederates, attorneys, and any persons acting in concert or participation with them, together with all persons acting for, with, by, through or under them, including such accounts residing with or under the control of any Third Party Service Provider; and it is further

ORDERED, that any additional Third Party Service Providers, who did not receive actual notice of the Court's April 18, 2013 Order, but who hereafter receive actual notice of this Preliminary Injunction Order, shall, within seven (7) days after receiving such actual notice, provide copies to Plaintiffs' counsel of all documents and records in such person or entity's possession or control relating to:

(a)     The identities and addresses of Defendants, their officers, members, directors, agents, servants, employees, confederates, and all persons acting in concert or participation with them, and the locations and identities of Defendants' operations, including without limitation, identifying information associated with Defendants' Infringing Websites, Infringing Domain Names, and financial accounts (including full account numbers);

(b)     Defendants' Infringing Websites;

 (c) The Infringing Domain Names, or any domain name registered by Defendants;

 (d) Defendants' uses of the NFL Marks;

 (e) Defendants' manufacture, purchase, acquisition, design, order, import, transport, distribution, advertisement, offer for sale and/or sale of the Counterfeit Products;

 (f) Payments to Defendants in return for any and all Counterfeit Products that were transmitted, processed, facilitated, enabled, or otherwise contributed to by any and all Third Party Service Providers; and

 (g) Any financial accounts owned or operated by Defendants, their agents, servants and employees, confederates, attorneys, and any persons acting in concert or participation with them, together with all persons acting for, with, by, through or under them, including such accounts residing with or under the control of any Third Party Service Provider; and it is further

ORDERED, that in accordance with 15 U.S.C. § 1116(a), and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, the asset restraint provisions contained in the Court's April 18, 2013 Order shall remain in place until the disposition of this action, including specifically that any Third Party Service Providers, including without limitation, PayPal, who have located and restrained financial accounts connected to any Defendant or any Defendant's Infringing Websites, shall continue to prohibit such funds to be transferred or withdrawn until the disposition of this action; and it is further

ORDERED, that in accordance with 15 U.S.C. § 1116(a), and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, any additional Third Party Service Providers who did not receive actual notice of the Court's April 18, 2013 Order, but who hereafter receive actual notice of this Preliminary Injunction Order, shall immediately locate all financial accounts connected to any Defendant or any Defendant's Infringing Websites, and that such financial accounts be preliminarily restrained

and enjoined from transferring or disposing of any money or other of Defendants' assets, and shall not allow such funds to be transferred or withdrawn until the disposition of this action;

ORDERED, that any Third Party Service Providers, including without limitation, PayPal, who have located and restrained financial accounts connected to any Defendant or any Defendant's Infringing Websites in accordance with the Court's April 18, 2013 Order, shall provide to Plaintiffs' counsel on or before April 25, 2013 all data which (i) details an accounting of the total funds restrained, (ii) identifies which financial accounts contain the restrained funds, (iii) identifies which Defendants, e-mail addresses, and/or Infringing Websites were connected with the restrained financial accounts, and (iv) details the account transactions related to all funds transmitted into or out of the restrained financial accounts; and it is further

ORDERED, that any additional Third Party Service Providers who did not receive actual notice of the Court's April 18, 2013 Order, but who hereafter receive actual notice of this Preliminary Injunction Order and locate and restrain financial accounts connected to any Defendant or any Defendant's Infringing Websites in accordance with this Preliminary Injunction Order, within seven (7) days of receiving such actual notice, shall provide Plaintiffs' counsel with all data which (i) details an accounting of the total funds restrained, (ii) identifies which financial accounts contain the restrained funds, (iii) identifies which Defendants, e-mail addresses, and/or Infringing Websites were connected with the restrained financial accounts, and (iv) details the account transactions related to all funds transmitted into or out of the restrained financial accounts; and it is further

ORDERED, that in accordance with 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, the domain name registries—including but not limited to VeriSign, Inc., Neustar, Inc., Afilias Limited, and the Public Interest Registry—and/or the individual registrars holding or listing one or more domain names used in conjunction with Defendants' Infringing Websites that have disabled any of Defendants' Infringing Websites in accordance with the Court's April 18,

2013 Order, shall continue to disable these websites and ensure that these websites remain inactive and untransferable until the disposition of this action;

ORDERED, that in accordance with 15 U.S.C. § 1116(a), and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, the domain name registries and/or the individual registrars holding or listing one or more domain names used in conjunction with Defendants' Infringing Websites, including those set forth in Exhibit 1 attached hereto, who did not receive actual notice of the Court's April 18, 2013 Order, but who hereafter receive actual notice of this Preliminary Injunction Order, within three (3) business days of receiving such actual notice, shall disable these domain names, through a registry hold or otherwise, and make them inactive and untransferable until the disposition of this action; and it is further

ORDERED, that in accordance with 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, the domain name registries—including but not limited to VeriSign, Inc., Neustar, Inc., Afilias Limited, and the Public Interest Registry—and/or the individual registrars holding or listing one or more domain names used in conjunction with Defendants' Infringing Websites, including those set forth in Exhibit 1 attached hereto, shall, within three (3) business days of receiving actual notice of this Preliminary Injunction Order and instructions from Plaintiffs' counsel, take any steps necessary to transfer these domain names to a registrar of the NFL's selection until the disposition of this action; and it is further

ORDERED, that in accordance with 15 U.S.C. § 1116(a), and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, any Third Party Website Service Providers, including but not limited to domain privacy services (e.g., NameCheap.com's WhoisGuard, PrivacyProtect.org), that have disabled service to any of Defendants' Infringing Websites in accordance with the Court's April 18, 2013 Order shall continue to disable service to these websites until the disposition of this action; and it is further

ORDERED, that in accordance with 15 U.S.C. § 1116(a), and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, any Third Party Website Service Providers, including but not limited to domain privacy services, who did not receive actual notice of the Court's April 18, 2013 Order, but who hereafter receive actual notice of this Preliminary Injunction Order, shall, upon receiving such actual notice, immediately disable service to any and all of Defendants' Infringing Websites until the disposition of this action; and it is further

ORDERED, that the NFL may continue to serve process and/or serve this Preliminary Injunction Order on Defendants by registered electronic mail at the 638 e-mail addresses set forth in <u>Exhibit 3</u>, attached hereto, which the NFL has demonstrated will provide adequate notice to Defendants pursuant to Federal Rule of Civil Procedure 4, as well as by attempting service at any other email addresses identified through expedited discovery or otherwise as belonging to or associated with any Defendant, and/or by posting notice of this action and this Preliminary Injunction Order at any domain names that are transferred to a registrar of the NFL's selection in accordance with this Preliminary Injunction Order; and it is further

ORDERED, that upon two (2) business days' written notice to the Court and the NFL's counsel, any Defendant may, upon proper showing, appear and move for the dissolution or modification of the provisions of this Preliminary Injunction Order concerning the restriction upon transfer of Defendants' assets upon an appropriate evidentiary showing by Defendant; and it is further

ORDERED, that the April 18, 2013 Order shall be modified to unseal this action upon execution of this Preliminary Injunction Order; and it is further

ORDERED, that upon a showing that Defendants are continuing to sell Counterfeit Products on newly-detected websites ("Newly-Detected Websites"), the NFL may move to amend this Preliminary Injunction Order to extend the application of the relief granted herein to the Newly-Detected Websites; and it is finally

ORDERED, that this Preliminary Injunction Order shall remain in effect until disposition of this action.

SIGNED this 27th day of April, 2013, at 12:09 a.m./p.m.

_____
UNITED STATES DISTRICT COURT JUDGE