USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/29/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X
THE NATIONAL FOOTBALL LEAGUE; and :
NFL PROPERTIES LLC,                 :      No. 13-CV-2572 (LGS)
                                    :
         Plaintiffs,                :
                                    :
   v.                               :
                                    :
GONG SUNMEI d/b/a NFL-2013.COM; WENG :
DONG d/b/a                          :
NEWYORKGIANTSPROSHOP.COM; SU        :
DANDAN d/b/a NFLGOODSHOP.COM;       :
XIONGJIN CHEN d/b/a                 :
NFLNIKEJERSEYSM.COM; MA QIFENG d/b/a:
2013-NEW-JERSEYS.COM, *et al.*,     :
                                    :
         Defendants.                :
                                    :
------------------------------------ X

**[~~PROPOSED~~] SUPPLEMENTAL ORDER**

Plaintiffs THE NATIONAL FOOTBALL LEAGUE and NFL PROPERTIES LLC (collectively, the "NFL" or "Plaintiffs") having commenced this action against GONG SUNMEI d/b/a NFL-2013.COM; WENG DONG d/b/a NEWYORKGIANTSPROSHOP.COM; SU DANDAN d/b/a NFLGOODSHOP.COM; XIONGJIN CHEN d/b/a NFLNIKEJERSEYSM.COM; MA QIFENG d/b/a 2013-NEW-JERSEYS.COM; ZHENGFA XUE d/b/a NFLJERSEYS-SUPPLY.COM; XU LIANG d/b/a WHOLESALE-NFL-JERSEYS-SHOP.COM; LILAN CHEN d/b/a SNAPBACKHATSONLINE.COM; JONE JOCKE d/b/a CHEAPJERSEYSNEED.COM; RIBERA SESMA d/b/a YOOCHEAPJERSEYS.COM; WANG SEEKBEST d/b/a WHOLESALEJERSEYSES.COM; ZHENG LITTLE d/b/a 2012WHOLESALEJERSEYSNFL.COM; ZHANG QIAN d/b/a NFLNIKEJERSEYSM.COM; ALVAREZ REGGIE d/b/a NFLSHOPUS.US; ESTHER ZIZZO d/b/a YERNFL.ORG; WEIFANG

1

d/b/a WHOLESALEJERSEYSBEST.COM; FANGXL d/b/a FROMCHINAJERSEYS.COM; GROUP JERSEYS d/b/a GROUPJERSEYS.COM; GUIFAN HUAN d/b/a BESTNFLJERSEYSSALE.COM; FANGXI CHENXIUQULI d/b/a USWHOLESALEJERSEYSTORE.COM; and XYZ COMPANIES, JOHN DOES, and JANE DOES d/b/a the aliases identified in Schedule "A" to the Complaint (collectively, "Defendants") for the reason that Defendants are manufacturing, importing, distributing, advertising, offering for sale and/or selling, via the Internet, goods bearing counterfeit reproductions of the NFL's federally registered trademarks and/or federally registered trademarks owned by one of the thirty-two (32) Member Clubs that form the NFL, as identified in the NFL's Complaint in this action and incorporated herein by reference (collectively, the "NFL Marks"), which NFL Marks are owned and/or controlled by the NFL and used in connection with products listed in the NFL's Complaint in this action and incorporated herein by reference (collectively, the "NFL Products");

The Court having entered a Preliminary Injunction Order on April 24, 2013 ("Preliminary Injunction Order"), granting the preliminary injunctive relief sought by the NFL, based upon, among other things, the Court's finding that the NFL was likely to succeed in showing that Defendants are manufacturing, importing, distributing, advertising, offering for sale and/or selling counterfeit products—including, *inter alia*, football jerseys, headwear, collectibles, other apparel and/or other merchandise—bearing counterfeits of the NFL Marks ("Counterfeit Products") to buyers in the United States, including in this Judicial District, using a network of rogue websites that were identified in Exhibit 1 to the Preliminary Injunction Order (Defendants' "Infringing Websites"); and

The Court having reviewed the Memorandum of Law in Support of the Supplemental Order, the Declaration of Paul Dagum sworn to on May 16, 2013, the Declaration of Jeffrey H. Warshafsky sworn to on May 21, 2013, and the Affidavit of Service sworn to by Jeffrey H. Warshafsky on May 24, 2013, now finds the following:

1. The NFL successfully served Defendants with the Preliminary Injunction Order at 598 e-mail addresses listed in Exhibit 3 to the Preliminary Injunction Order that are associated with Defendants;
2. The NFL further notified Defendants of this action and the Preliminary Injunction Order by redirecting certain of the Infringing Websites to a landing page located at http://nfl.com/13-2572 (the "Notice Landing Page");
3. The NFL has made good faith efforts to redirect all of the Infringing Websites to the Notice Landing Page, but has been unable to redirect a subset of the Infringing Websites that remain on "registry lock" and/or "registry hold" status;
4. The NFL successfully served Defendants with the Summons, Complaint, Preliminary Injunction Order, and notice of the Order to Show Cause for Supplemental Order, including notice of the show cause hearing to be held on May 29, 2013 at 4:30 p.m. in Courtroom 1106 of the United States District Court for the Southern District of New York;
5. None of the Defendants has filed a response to the NFL's moving papers or otherwise appeared in this action;
6. The Preliminary Injunction Order authorizes the NFL, upon a showing that Defendants are continuing to sell Counterfeit Products on newly-detected websites, to move to extend the relief granted in that Order to any such newly-detected websites;
7. The NFL has made this showing by demonstrating that Defendants are continuing to advertise, offer for sale, and sell Counterfeit Products using the 521 newly-detected websites located at the domain names identified in **Exhibit 1** (Defendants' "Newly-Detected Infringing Websites"), including without limitation the 336 domain names set forth in **Exhibit 2**, which domain names contain one or more of the NFL Marks (Defendants' "Newly-Detected Infringing Domain Names").
8. The NFL has demonstrated that, in addition to the e-mail addresses previously associated with Defendants and Defendants' previously-detected Infringing Websites,

Defendants are using the 226 newly-detected e-mail addresses identified in **Exhibit 3** in connection with the Newly-Detected Infringing Websites;

9. The NFL has demonstrated that Defendants are continuing to use the NFL Marks in connection with the registration and operation of the Newly-Detected Infringing Websites, and the advertisement, offer, and sale of Counterfeit Products;

10. The NFL has demonstrated that Defendants have a bad faith intent to profit by associating the Newly-Detected Infringing Websites and the Newly-Detected Infringing Domain Names with the NFL and the NFL Marks without the NFL's authorization;

11. The NFL has demonstrated that the Newly-Detected Infringing Websites are causing it irreparable harm;

12. The NFL has demonstrated that it will continue to suffer irreparable harm without the entry of the requested Supplemental Order;

13. The NFL's harm resulting from denial of the requested Supplemental Order would outweigh any harm to Defendants' legitimate interests resulting from granting such an Order; and

14. The NFL has provided adequate security, by posting a $80,000 bond on May 28, 2013, in addition to the $20,000 bond already posted in accordance with the April 18, 2013 Temporary Restraining Order.

THEREFORE, IT IS HEREBY ORDERED that Defendants, their officers, members, directors, agents, servants, employees, confederates, representatives, and all persons acting in concert or participation with them, are preliminarily enjoined and restrained from engaging in any of the conduct listed on pages 5-6 of the Preliminary Injunction Order on, or in relation to, any of the Newly-Detected Infringing Websites; and it is further

ORDERED, that the NFL may obtain further expedited discovery concerning the Newly-Detected Infringing Websites by providing actual notice of this Supplemental Order to any of the following: (1) Defendants, their officers, members, directors, agents, servants, employees,

confederates, attorneys, and all persons acting in concert or participation with them; (2) any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, PayPal, Inc. ("PayPal"), Western Union, or other merchant account providers, payment providers, third party processors, or credit card associations (*e.g.*, American Express and VISA), which have provided services for any Defendant, any Defendant's operations, any Defendant's Newly-Detected Infringing Websites, or for any other website owned or controlled by any Defendant, including without limitation, receiving payments or holding assets on any Defendant's behalf (collectively, "Third Party Financial Service Providers"); (3) any Internet service providers ("ISPs"), back-end service providers, web designers, sponsored search engine or ad-word providers, shippers, domain name registrars, domain name registries, domain protection services, or online third-party selling platforms who have provided services for any Defendant, any Defendant's operations, any Defendant's Newly-Detected Infringing Websites, or for any other website owned or controlled by any Defendant (collectively, "Third Party Website Service Providers"); and (4) any other third party service providers who have provided services for any Defendant, any Defendant's operations, or any Defendant's Newly-Detected Infringing Websites; and it is further

ORDERED, that any Third Party Financial Service Providers, Third Party Website Service Providers, and any other third party service providers who have provided services for any Defendant's Newly-Detected Infringing Websites (collectively, "Third Party Service Providers"), shall, within seven (7) days after receiving actual notice of this Supplemental Order, provide copies to Plaintiffs' counsel of all documents and records in such person or entity's possession or control relating to:

    (a)    The identities and addresses of Defendants, their officers, members, directors, agents, servants, employees, confederates, and all persons acting in concert or participation with them, and the locations and identities of Defendants' operations, including without limitation, identifying information associated with Defendants' Newly-Detected Infringing Websites, Newly-Detected Infringing

        Domain Names, and financial accounts (including full account numbers);

(b) Defendants' Newly-Detected Infringing Websites;

(c) The Newly-Detected Infringing Domain Names, or any domain name registered by Defendants;

(d) Defendants' uses of the NFL Marks;

(e) Defendants' manufacture, purchase, acquisition, design, order, import, transport, distribution, advertisement, offer for sale and/or sale of the Counterfeit Products;

(f) Payments to Defendants in return for any and all Counterfeit Products that were transmitted, processed, facilitated, enabled, or otherwise contributed to by any and all Third Party Service Providers; and

(g) Any financial accounts owned or operated by Defendants, their agents, servants and employees, confederates, attorneys, and any persons acting in concert or participation with them, together with all persons acting for, with, by, through or under them, including such accounts residing with or under the control of any Third Party Service Provider; and it is further

ORDERED, that in accordance with 15 U.S.C. § 1116(a), and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, any Third Party Service Providers, including without limitation, PayPal, who receive actual notice of this Supplemental Order, shall immediately locate all financial accounts connected to any Defendant or any Defendant's Newly-Detected Infringing Websites, and that such financial accounts be preliminarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets, and shall not allow such funds to be transferred or withdrawn until the disposition of this action; and it is further

ORDERED, that any Third Party Service Providers, including without limitation, PayPal, who have located and restrained financial accounts connected to any Defendant or any Defendant's Infringing Websites in accordance with this Supplemental Order, shall, within seven (7) days after receiving actual notice of this Supplemental Order, provide to Plaintiffs' counsel

all data which (i) details an accounting of the total funds restrained, (ii) identifies which financial accounts contain the restrained funds, (iii) identifies which Defendants, e-mail addresses, and/or Newly-Detected Infringing Websites were connected with the restrained financial accounts, and (iv) details the account transactions related to all funds transmitted into or out of the restrained financial accounts; and it is further

ORDERED, that in accordance with 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, any domain name registries, including without limitation VeriSign, Inc. ("VeriSign"), Neustar, Inc. ("Neustar"), Afilias Limited ("Afilias"), and the Public Interest Registry (the "PIR"), holding or listing one or more domain names used in conjunction with Defendants' Newly-Detected Infringing Websites, including those set forth in Exhibit 1 attached hereto, shall, within three (3) business days of receiving actual notice of this Supplemental Order and instructions from Plaintiffs' counsel, take any steps necessary to transfer these domain names to a registrar of the NFL's selection until the disposition of this action; and it is further

ORDERED that, in accordance with 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, any domain name registries, including without limitation VeriSign, Neustar, Afilias, and the PIR, that are holding, listing, or in any way controlling one or more of the previously-detected Infringing Websites set forth in Exhibit 1 to the Preliminary Injunction Order, or any of the Newly-Detected Infringing Websites set forth in Exhibit 1 to this Supplemental Order shall:

    (a)    within three (3) business days of receiving actual notice of this Supplemental Order and instructions from Plaintiffs' counsel, remove any registry locks and/or holds that have been placed upon any of the previously-detected Infringing Websites or Newly-Detected Infringing Websites, such that Plaintiffs may update the domain name server information for the domain names at which such websites were located, as needed to point these domain names to the Notice Landing Page; and

    (b)    within three (3) business days of receiving actual notice from Plaintiffs' counsel that Plaintiffs have updated the domain name server information for these domain names, and instructions from Plaintiffs' counsel, replace any registry locks and/or holds that were removed in accordance with subparagraph (a) above; and it is further

ORDERED, that in accordance with 15 U.S.C. § 1116(a), and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, any Third Party Website Service Providers, including but not limited to domain privacy services, shall, within three (3) business days of receiving actual notice of this Supplemental Order and instructions from Plaintiffs' counsel, immediately disable service to any and all of Defendants' Newly-Detected Infringing Websites until the disposition of this action; and it is further

ORDERED, that the NFL may continue to serve process, serve this Supplemental Order, and/or serve any other filings or Orders in this case on Defendants by registered electronic mail at the 638 e-mail addresses set forth in Exhibit 3 to the Preliminary Injunction Order and the 226 newly-detected e-mail addresses associated with the Newly-Detected Infringing Websites that are set forth in Exhibit 3 attached hereto, which the NFL has demonstrated will provide adequate notice to Defendants pursuant to Federal Rule of Civil Procedure 4, as well as by attempting service at any other e-mail addresses identified through discovery as belonging to or associated with any Defendant, and/or by redirecting the domain names at which Defendants' previously-detected Infringing Websites and Newly-Detected Infringing Websites were located to the Notice Landing Page; and it is further

ORDERED, that upon two (2) business days' written notice to the Court and the NFL's counsel, any Defendant may, upon proper showing, appear and move for the dissolution or modification of the provisions of this Supplemental Order concerning the restriction upon transfer of Defendants' assets upon an appropriate evidentiary showing by Defendant; and it is further

ORDERED, that upon a showing that Defendants are continuing to sell Counterfeit Products on additional newly-detected websites ("Newly-Detected Websites"), the NFL may move to amend the Preliminary Injunction Order and this Supplemental Order to extend the application of the relief granted herein to the Newly-Detected Websites; and it is finally

ORDERED that, except as modified herein, all provisions of the April 18, 2013 Temporary Restraining Order and April 24, 2013 Preliminary Injunction Order issued by the Court shall remain in full force and effect.

SIGNED this 28th day of May, 2013, at 5:40 a.m./p.m.

_____
U.S. District Judge Lorna G. Schofield