USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED : 8/11/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X
THE NATIONAL FOOTBALL LEAGUE; and :
NFL PROPERTIES LLC,                 :    No. 13-CV-2572 (LGS)
                                    :
                Plaintiffs,         :
                                    :
        v.                          :
                                    :
GONG SUNMEI d/b/a NFL-2013.COM; WENG :
DONG d/b/a                          :
NEWYORKGIANTSPROSHOP.COM; SU        :
DANDAN d/b/a NFLGOODSHOP.COM;       :
XIONGJIN CHEN d/b/a                 :
NFLNIKEJERSEYSM.COM; MA QIFENG d/b/a:
2013-NEW-JERSEYS.COM, *et al.*,     :
                                    :
                Defendants.         :
------------------------------------ X

## [PROPOSED] ORDER TO SHOW CAUSE FOR SUPPLEMENTAL ORDER

Plaintiffs THE NATIONAL FOOTBALL LEAGUE and NFL PROPERTIES LLC (collectively, the "NFL" or "Plaintiffs") having commenced this action against GONG SUNMEI d/b/a NFL-2013.COM; WENG DONG d/b/a NEWYORKGIANTSPROSHOP.COM; SU DANDAN d/b/a NFLGOODSHOP.COM; XIONGJIN CHEN d/b/a NFLNIKEJERSEYSM.COM; MA QIFENG d/b/a 2013-NEW-JERSEYS.COM; ZHENGFA XUE d/b/a NFLJERSEYS-SUPPLY.COM; XU LIANG d/b/a WHOLESALE-NFL-JERSEYS-SHOP.COM; LILAN CHEN d/b/a SNAPBACKHATSONLINE.COM; JONE JOCKE d/b/a CHEAPJERSEYSNEED.COM; RIBERA SESMA d/b/a YOOCHEAPJERSEYS.COM; WANG SEEKBEST d/b/a WHOLESALEJERSEYSES.COM; ZHENG LITTLE d/b/a 2012WHOLESALEJERSEYSNFL.COM; ZHANG QIAN d/b/a NFLNIKEJERSEYSM.COM; ALVAREZ REGGIE d/b/a NFLSHOPUS.US; ESTHER ZIZZO d/b/a YERNFL.ORG; WEIFANG

1

d/b/a WHOLESALEJERSEYSBEST.COM; FANGXL d/b/a FROMCHINAJERSEYS.COM; GROUP JERSEYS d/b/a GROUPJERSEYS.COM; GUIFAN HUAN d/b/a BESTNFLJERSEYSSALE.COM; FANGXI CHENXIUQULI d/b/a USWHOLESALEJERSEYSTORE.COM; and XYZ COMPANIES, JOHN DOES, and JANE DOES (collectively, "Defendants");

The Court having entered a Default Judgment and Permanent Injunction Order on June 28, 2013 (the "Default Judgment and Permanent Injunction Order");

The Court having entered Supplemental Orders on August 13, 2013, December 16, 2013, and April 1, 2014 for the reason that Defendants violated the Default Judgment and Permanent Injunction Order, including by advertising and offering to sell Counterfeit Products to United States consumers via the Internet;

The Court having reviewed the annexed Memorandum of Law in Support of Plaintiffs' Application for a Supplemental Order, the Declaration of Paul Dagum sworn to on August 5, 2014; the Declaration of Julian Grijns sworn to on August 5, 2014, and the Declaration of Bradley I. Ruskin sworn to on August 6, 2014; and good cause shown,

IT IS HEREBY ORDERED that Defendants show cause on or before the 28 day of August, 2014, at 10:30 a.m./p.m., or as soon thereafter as counsel can be heard, in Courtroom 1106, in the United States District Court for the Southern District of New York, New York, NY, why a Supplemental Order (the "Supplemental Order") should not be entered as follows:

(a) Determining that the 760 websites identified in **Exhibit 1** are "Newly-Detected Infringing Websites," as that term is defined in the Default Judgment and Permanent Injunction Order;

(b) Determining that, in connection with these Newly-Detected Infringing Websites, Defendants have utilized the newly-detected aliases and e-mail addresses that also are listed in **Exhibit 1**; and

    (c) Applying all provisions of the Default Judgment and Permanent Injunction Order to such Newly-Detected Infringing Websites, including:

        i. Directing any domain name registries—including but not limited to VeriSign, Inc., Neustar, Inc., Afilias Limited, and the Public Interest Registry—and/or the individual registars holding or listing one or more domain names used in conjunction with Defendants' Newly-Detected Infringing Websites, within seven (7) days of receiving actual notice of the Default Judgment and Permanent Injunction Order and the Supplemental Order, to temporarily disable these domain names and make them inactive and untransferable;

        ii. Directing any domain name registries—including but not limited to VeriSign, Inc., Neustar, Inc., Afilias Limited, and the Public Interest Registry—and/or the individual registars holding or listing one or more domain names used in conjunction with Defendants' Newly-Detected Infringing Websites, within twenty-one (21) days following receipt of actual notice of the Default Judgment and Permanent Injunction Order and the Supplemental Order, to take any steps necessary to transfer these domain names to a registrar of the NFL's selection and remove any locks and/or holds placed upon such domain names as requested by the NFL, except for any domain names for which a Defendant has filed with the Court and served upon the NFL's counsel a request that such domain names be exempted from the Supplemental Order;

        iii. Directing PayPal, Inc., or other merchant account providers, payment providers, or third party processors (collectively, "Account Holder"), upon receiving actual notice of the Default Judgment and Permanent Injunction Order and the Supplemental Order, to immediately locate any monies or accounts connected to any of Defendants' newly-detected aliases, e-mail addresses, and/or websites identified in <u>Exhibit 1</u> ("Newly-Detected Assets");

        iv. Directing any Account Holder that has received actual notice of the Default Judgment and Permanent Injunction Order and the Supplemental Order, and that has located any Newly-Detected Assets, to immediately restrain such assets, restrain all accounts belonging to or controlled by any Defendant from transferring or disposing of any Newly-Detected Assets, and not allow such assets to be transferred or withdrawn;

        v. Directing any Account Holder that has located Newly-Detected Assets, within seven (7) business days of receiving actual notice of the Default Judgment and Permanent Injunction Order and the Supplemental Order, to provide the NFL's counsel with a list of all monies or accounts within their control that are connected to any of the Newly-Detected Assets;

        vi. Directing any such Account Holder, after twenty-one (21) days following receipt of actual notice of the Default Judgment and Permanent Injunction Order and the Supplemental Order, to transfer all monies in the restrained accounts to the NFL, except for any Newly-Detected Assets for which a Defendant has filed with the Court and served upon the NFL's counsel a request that such monies be exempted from the Supplemental Order; and

      vii.    Permitting any Defendant, upon two (2) business days' written notice to the Court and the NFL's counsel, and upon a proper showing, to appear and move for the dissolution or modification of the provisions of the Supplemental Order concerning the disabling and restriction upon transfer of any domain names belonging to or controlled by that Defendant and/or the restriction upon transfer of any Newly-Detected Assets belonging to or controlled by that Defendant; and it is further

ORDERED, that Defendants' answering papers, if any, shall be filed with the Clerk of this Court and served upon the NFL's counsel by delivering copies thereof to the offices of Proskauer Rose LLP, Eleven Times Square, New York, NY 10036, Attention: Bradley I. Ruskin, Esq., before _10_ a.m./p.m. on _August 20_, 2014. Any reply shall be filed and served by the NFL by _August 25_, 2014; and it is finally

ORDERED that, within one (1) business day of entry of this Order to Show Cause for Supplemental Order ("Order to Show Cause"), the NFL shall serve Defendants with this Order to Show Cause, the NFL's Memorandum of Law and supporting declarations, as well as a copy of the Default Judgment and Permanent Injunction Order, using registered electronic mail at the e-mail addresses with which Defendants were previously served with the Default Judgment and Permanent Injunction Order and the previously entered Supplemental Orders, as well as the e-mail addresses identified in <u>Exhibit 1</u>, which will adequately notify all Defendants of the entry of this Order to Show Cause and the show cause hearing.

SIGNED this _11th_ day of _August_, 2014, at _10:45_ a.m./p.m.

                                            UNITED STATES DISTRICT COURT JUDGE