UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
THE NATIONAL FOOTBALL LEAGUE; and :
NFL PROPERTIES LLC,                                :     No. 13-CV-2572 (LGS)
                                                   :
            Plaintiffs,                            :
                                                   :
      v.                                           :
                                                   :
GONG SUNMEI d/b/a NFL-2013.COM; WENG :
DONG d/b/a                                         :
NEWYORKGIANTSPROSHOP.COM; SU                       :
DANDAN d/b/a NFLGOODSHOP.COM;                      :
XIONGJIN CHEN d/b/a                                :
NFLNIKEJERSEYSM.COM; MA QIFENG d/b/a :
2013-NEW-JERSEYS.COM, *et al.*,                    :
                                                   :
            Defendants.                            :
                                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**DECLARATION OF BRADLEY I. RUSKIN IN SUPPORT OF
PLAINTIFFS' APPLICATION FOR A SUPPLEMENTAL ORDER**

I, BRADLEY I. RUSKIN, under penalty of perjury, declares and says:

1.      I am an attorney licensed to practice law in the State of New York and before the bars of the Southern and Eastern District of New York. I am a partner in the law firm of Proskauer Rose LLP ("Proskauer"), which is counsel to Plaintiffs THE NATIONAL FOOTBALL LEAGUE and NFL PROPERTIES LLC (collectively, the "NFL").

2.      I submit this declaration in support of the NFL's Application for a Supplemental Order against Defendants GONG SUNMEI d/b/a NFL-2013.COM; WENG DONG d/b/a NEWYORKGIANTSPROSHOP.COM; SU DANDAN d/b/a NFLGOODSHOP.COM; XIONGJIN CHEN d/b/a NFLNIKEJERSEYSM.COM; MA QIFENG d/b/a 2013-NEW-

JERSEYS.COM; ZHENGFA XUE d/b/a NFLJERSEYS-SUPPLY.COM; XU LIANG d/b/a WHOLESALE-NFL-JERSEYS-SHOP.COM; LILAN CHEN d/b/a SNAPBACKHATSONLINE.COM; JONE JOCKE d/b/a CHEAPJERSEYSNEED.COM; RIBERA SESMA d/b/a YOOCHEAPJERSEYS.COM; WANG SEEKBEST d/b/a WHOLESALEJERSEYSES.COM; ZHENG LITTLE d/b/a 2012WHOLESALEJERSEYSNFL.COM; ZHANG QIAN d/b/a NFLNIKEJERSEYSM.COM; ALVAREZ REGGIE d/b/a NFLSHOPUS.US; ESTHER ZIZZO d/b/a YERNFL.ORG; WEIFANG d/b/a WHOLESALEJERSEYSBEST.COM; FANGXL d/b/a FROMCHINAJERSEYS.COM; GROUP JERSEYS d/b/a GROUPJERSEYS.COM; GUIFAN HUAN d/b/a BESTNFLJERSEYSSALE.COM; FANGXI CHENXIUQULI d/b/a USWHOLESALEJERSEYSTORE.COM; and XYZ COMPANIES, JOHN DOES, and JANE DOES (collectively, "Defendants").

3. If called as a witness, I could testify to the following upon personal knowledge and/or upon my review of Proskauer's files on this matter.

4. The NFL's [Proposed] Order to Show Cause for Supplemental Order and its [Proposed] Supplemental Order are identical in form and content to the previous Orders the NFL has sought and this Court has entered, except for updates to add certain facts since the last Order was entered in April 2014.

5. In accordance with the method of service authorized by the Court throughout this action, Proskauer served Defendants with the Court's June 28, 2013 Default Judgment and Permanent Injunction Order (the "Default Judgment and Permanent Injunction Order") by registered e-mail at the same e-mail addresses at which Proskauer served Defendants with the June 21, 2013 Order to Show Cause for Default Judgment and Permanent Injunction (the "Order

1

to Show Cause"). The NFL confirmed via Delivery Receipts Proskauer received from RPost (an online service which provides valid proof of authorship, content, delivery, and official time sent and received), that 551 of Defendants' e-mail addresses received the Default Judgment and Permanent Injunction Order. Using the same method, Proskauer served Defendants with the Court's August 13, 2013 Supplemental Order, and confirmed that 608 of Defendants' e-mail addresses received the August 13, 2013 Supplemental Order (*see* August 16, 2013 Affidavit of Service, Dkt. 56). Again using the same method, Proskauer served Defendants with the Court's December 16, 2013 Supplemental Order, and confirmed that 1,313 of Defendants' e-mail addresses received the December 16, 2013 Supplemental Order (*see* December 17, 2013 Affidavit of Service, Dkt. 66). Finally, using the same method, Proskauer served Defendants with the Court's April 1, 2014 Supplemental Order, and confirmed that 1,320 of Defendants' e-mail addresses received the April 1, 2014 Supplemental Order (*see* April 2, 2014 Affidavit of Service, Dkt. 74).

6. The NFL has not received any direct payment from Defendants in satisfaction of the $273,300,000 default judgment entered against all Defendants by this Court.

7. To date, the NFL has collected assets only from Defendants' PayPal, Inc. accounts that were seized in accordance with the Asset Restraining Orders entered during the pendency of this action and additional accounts seized in connection with the August 13, 2013, December 16, 2013, and April 1, 2014 Supplemental Orders. These assets are a mere fraction of the total monies owed by Defendants to the NFL.

8. The NFL served the domain registries holding or listing the domain names used in conjunction with the 1,997 Infringing Websites listed in Exhibit 1 to the Default Judgment and Permanent Injunction Order and, in accordance with that Order, the domain registries transferred

those domain names to the NFL's control.  In addition, the NFL served the domain registries holding or listing the domain names used in conjunction with the 1,331 Infringing Websites listed in Exhibit 1 to the August 13, 2013 Supplemental Order and, in accordance with that Order, the domain registries transferred those domain names to the NFL's control.  In addition, the NFL served the domain registries holding or listing the domain names used in conjunction with the 834 Infringing Websites listed in Exhibit 1 to the December 16, 2013 Supplemental Order and, in accordance with that Order, the domain registries transferred those domain names to the NFL's control.  Finally, the NFL served the domain registries holding or listing the domain names used in conjunction with the 815 Infringing Websites listed in Exhibit 1 to the April 1, 2014 Supplemental Order and, in accordance with that Order, the domain registries transferred those domain names to the NFL's control.  The NFL has disabled the Infringing Websites that were located at these 4,977 domain names.

      9.      Attached for convenience of the Court as **Exhibit 1** are copies of various unreported court orders entered in this District and elsewhere that have granted the same or substantially similar relief as is requested in this Application:

> *The National Football League v. Chen Cheng d/b/a/ nfljerseydiscount.com*, No.1:11-cv-0344 (WHP) (S.D.N.Y. Dec. 7, 2011); *Richemont International SA v. Tony Chen d/b/a cartierreplicawatch.us*, No. 1:12-cv-06689 (WHP) (S.D.N.Y. Mar. 1, 2013); *Burberry Limited (US) v. John Doe 1 a/ka/ Lin Juan Yu,* No. 1:11-cv-08306 (TPG) (S.D.N.Y. Feb. 15, 2013); *Burberry Limited (US) v. John Doe 1 a/k/a  Qiao Renfeng*, No. 12-cv-00479 (TPG) (S.D.N.Y. Mar. 1, 2013); *Deckers Outdoor Corp. v. Does 1-100 d/b/a the aliases identified on Schedule A*, No. 1:12-cv-09285 (N.D. Ill. Mar. 6, 2013); *Tory Burch LLC v. Does 1-100 d/b/a the aliases identified on Schedule A*, No. 1:12-cv-07163 (N.D. Ill. Jan. 29, 2013); *Deckers Outdoor Corp. v. Liyanghua*, No. 11-cv-7970 (N.D. Ill. May 22, 2012).

I declare under penalty of perjury that the foregoing is true and correct. Executed in New York, New York on August 6, 2014.

_____
BRADLEY I. RUSKIN